ABEEL v. SOUTHWESTERN TELEGRAPH & TELEPHONE CO. et al.

(Court of Civil Appeals of Texas. Feb. 14, 1912. Rehearing Denied March 20, 1912.)

1. JUSTICES OF THE PEACE (§ 174*)—APPEAL—NEW CAUSE OF ACTION.

Under Rev. St. 1895, art. 358, providing that on appeal from a justice's court no new cause of action shall be set up by plaintiff, a plaintiff suing in justice's court two defendants for negligence may not on appeal ask judgment against a third person negligently causing the injury.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

2. JUSTICES OF THE PEACE (§ 174*)—APPEAL—NEW MATTER—PLEADING.

A plaintiff in justice's court sued two defendants for the death of an animal by electric shock. At their request, a third person was made a party, on the ground that his negligence caused the injury. Judgment was rendered for plaintiff against defendants and in their favor against the third person. On appeal to the county court, plaintiff orally alleged that defendants were asking judgment over against the third person, and that, in the event he was guilty of negligence, plaintiff asked judgment against him. Held that, under Rev. St. 1895, art. 358, requiring that pleadings of new matter on appeal must be in writing, plaintiff could not recover against the third person, though the oral pleading sufficiently pleaded negligence.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

Appeal from McLennan County Court; J. W. Cocke, Special Judge.

Action by Alfred Abeel against the Southwestern Telegraph & Telephone Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. D. Williamson and Sleeper, Boynton & Kendall, for appellant. Hamilton & Kibler, for appellees.

JENKINS, J. Appellant brought suit in the justice's court against the Southwestern Telegraph & Telephone Company and the Waco Gas Company to recover for the value of a mule, killed by an electric current.

The mule was killed by coming in contact with the wire of the Telephone Company. This wire would have been harmless, but for the fact that it at the time was in contact with the Gas Company's electric light wire. The two companies asked that E. Nelson, a contractor, be made a party defendant, alleging that the wires were down on the ground and in contact with each other by reason of the negligence of said contractor in throwing material upon said wires from a house which he was repairing. In the justice's court, there was a judgment for appellant against both of said corporations, and · judgment over in their favor against Nelson. The pleadings in the justice's court, as also in the county court, were oral. Upon appeal to the county court, upon conclusion of the evidence, the court peremptorily instructed the jury to return a verdict for the defendant Nelson, for the reason that there was no evidence fixing liability on him.

[1, 2] The case was tried before a jury, which returned a verdict against the appellant as to the issues between him and said corporations. Appellant has assigned the action of the court in giving said peremptory instruction as error, and has made no other assignment of error. We overrule this assignment, because:

First. Article 358 of the Revised Statutes provides that upon appeal from the justice's court "no new cause of action shall be set up by the plaintiff." The appellant not having charged any negligence against the contractor Nelson in the justice's court, and having asked no judgment against him, had he done so in the county court, such alleged negligence of the contractor would, in so far as he was concerned, have been a new cause of action.

Second. Appellant's pleadings in the county court were insufficient as setting up a cause of action against Nelson. The pleadings, though oral in the county court, were taken down presumably by a stenographer, and appear in the record herein, from which we make the following excerpt: "The two defendant corporations are asking judgment over against E. Nelson, who is a contractor, and, in the event they should develop that he was guilty of negligence in knocking these wires down, then we charge that negligence, and ask that we have judgment

against E. Nelson, if it should develop on the pleadings of the other two defendants that he was guilty of negligence that caused the wire to fall." While, under the liberal rules of oral pleading allowed in the justice's court and in cases appealed from justice's court, this might be held as equivalent to a statement that the appellant adopted the pleadings of the defendant corporations as to Nelson, still, in so far as appellant is concerned, it is pleading new matter; he not having alleged in the justice's court that Nelson had been guilty of negligence. The article of the statute, above referred to, provides that "either party may plead any new matter in the county or district court which was not presented in the court below. * * * In all such cases the pleadings shall be in writing and filed in the case before the parties have announced themselves ready for trial." As above stated, there were no written pleadings filed in the county court in this case.

The only parties who sued Nelson, viz., the Gas Company and the Telephone Company, are not complaining that no judgment was rendered against him. The appellant is not complaining that he did not obtain judgment against the only parties whom he sued, viz., the said corporations; his complaint is that he did not obtain judgment against a party whom he did not sue.

For the reason that the cause of action attempted to be set up by appellant in the county court was a new cause of action against Nelson, and for the reason that the alleged negligence of Nelson was new matter, pleaded orally in the county court and not pleaded by appellant in the justice's court, the trial court did not err in peremptorily instructing a verdict for Nelson, without reference to whether there was or was not any evidence against him.

The judgment of the trial court is affirmed.